IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY MCDONALD, | ) |
|  | ) |
|    Plaintiff, | ) |
|  | ) |
| v. | )    No. 1:23-cv-01029-STA-jay |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
| U.S. CUSTOMS AND BORDER | ) |
| PROTECTION; AND U.S. | ) |
| DEPARTMENT OF HOMELAND | ) |
| SECURITY, | ) |
|  | ) |
|    Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff Timothy McDonald brought suit against the U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS), and the United States of America[1] under the Federal Tort Claims Act (FTCA) based upon events surrounding his overseas travel. The CBP and DHS move for dismissal pursuant to Rule 12(b)(1) on the basis that the FTCA does not waive sovereign immunity for lawsuits against these federal agencies. ECF No. 24. Plaintiff has responded in opposition, and the CBP and DHS have filed a reply. ECF Nos. 28, 31. This matter was referred to the undersigned for management of all pre-trial matters. Admin. Order 2013-05. The undersigned RECOMMENDS that CBP and DHS's motion to dismiss be GRANTED.

---

[1] In his Complaint, Plaintiff named an individual employed by the CBP as a Defendant. The Court granted the United States' motion to substitute pursuant to 28 U.S.C. § 2679(d)(1) after the United States certified that the individually named defendant was acting in the course and scope of his employment at the time of the incident which gave rise to Plaintiff's Complaint. *See* ECF No. 27.

A court's subject matter jurisdiction is a "threshold determination" which may be challenged by motion under Rule 12(b)(1). *Am. Telecom Co. v. Republic of Lebanon,* 501 F.3d 534, 537 (6th Cir.2007). When challenged by a motion filed under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *E.E.O.C. v. Hosanna-Tabor Evangelical Lutheran Church and School*, 597 F.3d 769, 776 (6th Cir. 2010), *rev'd on other grounds*, 565 U.S. 171 (2012). A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may take the form of a facial challenge, which tests the sufficiency of the pleading, or a factual challenge, which contests the factual predicate for jurisdiction. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)). The instant motion is a facial challenge to the Court's subject matter jurisdiction, so the Court will treat the allegations in Plaintiff's Complaint as true for purposes of this motion. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994) ("A facial attack is a challenge to the sufficiency of the pleading itself.").

As a sovereign, the United States is immune from suits, except to the extent that it has consented to be sued. *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Although the FTCA is a limited waiver of the United States' immunity, it does not waive the sovereign immunity of federal government agencies. 28 U.S.C. § 2679(a). The FTCA vests the district courts with "exclusive jurisdiction of civil actions on claims *against the United States* ...." 28 U.S.C. § 1346(b) (emphasis added). It is the United States and not the responsible agency or employee that is the proper defendant in an FTCA suit. *Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir.1990) (citing 28 U.S.C. § 2679(a)). "Thus, an FTCA claim against a federal agency

2

or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. OSHA,* 860 F.2d 181, 183 (5th Cir.1988) (citations omitted).

It is clear that the FTCA does not permit claims to be brought against federal agencies such as the CBP and DHS, and Plaintiff is therefore unable to carry his burden to establish that the Court has subject matter jurisdiction over these agencies. The United States, which is already a party to this action, is the sole entity against which Plaintiff can maintain his FTCA claim. Accordingly, the undersigned RECOMMENDS GRANTING Defendants CBP and DHS's motion to dismiss.

Respectfully submitted this 6th day of December, 2023.

                                                **s/Jon A. York**
                                                UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS REPORT AND RECOMMENDATION TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**