**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY McDONALD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:23-cv-1029-STA-jay** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **U.S. CUSTOMS AND BORDER** | ) | |
| **PROTECTION, AND U.S.** | ) | |
| **DEPARTMENT OF HOMELAND** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF**
**JURISDICTION**
**ORDER DENYING PLAINTIFF'S MOTIONS AS MOOT**

Before the Court is the United States of America's Motion to Dismiss for Lack of Jurisdiction (ECF No. 35) filed December 22, 2023. Pursuant to Administrative Order 2013-05, the Court referred this case to the United States Magistrate Judge for management of all pretrial matters. On August 26, 2024, the United States Magistrate Judge issued a report and recommendation (ECF No. 51), recommending that the Court grant the government's Motion to Dismiss. The parties had 14 days from the service of the Magistrate Judge's report in which to file objections. Plaintiff Timothy McDonald has not objected to the report and its recommended conclusions of law, and the time to object has now expired. The government filed a timely objection in part to the Magistrate Judge's recommendation. Based on its *de novo* review of the issue raised by the government, the Court holds that the objection would not alter the Magistrate Judge's ultimate conclusions of law that Plaintiff had failed to state a claim for the violation of his

1

constitutional rights. Therefore, the Court **ADOPTS** the report and recommendation and **GRANTS** the United States of America's Motion to Dismiss.

## <u>BACKGROUND</u>

The Magistrate Judge's report has summarized Plaintiff's factual allegations, and no party has objected to the report's characterization of the Complaint or Plaintiff's theories of relief. The Court therefore adopts the following recitation of the background facts of the case. Plaintiff Timothy McDonald sued the U.S. Customs and Border Protection ("CBP"), the U.S. Department of Homeland Security ("DHS"), and the United States of America for tortious conduct and the violation of his constitutional rights. Plaintiff alleges that CBP and DHS targeted him after his conversion to Islam and thwarted him from exercising his right to marry a Muslim woman from another country.

According to the Complaint, Plaintiff made over ten trips to the Middle East and North Africa "searching for love and marriage." Compl. 2. During one such trip in February 2020, "Turkish police" arrested Plaintiff on suspicion of espionage. *Id*. Plaintiff claims the arrest was based on "an erroneous computer entry." *Id*. Rather than prosecute him, Turkish authorities labeled Plaintiff a "public nuisance" and deported him. *Id*. Upon his return to the United States, Plaintiff was questioned by an unidentified agency and unidentified agents in Atlanta, Georgia. *Id*.

Then, in March 2020, Plaintiff traveled to Lebanon to meet his then-fiancée, Rima al Ali. *Id*. Plaintiff remained in Lebanon for several months due to pandemic travel restrictions. *Id*. Plaintiff returned to the United States in June 2020 and was again questioned at the airport about his overseas travel. *Id*.

In January 2021, Plaintiff returned to Turkey but "was refused entry at Istanbul because [P]laintiff didn't have the proper visa after [P]laintiff's deportation." *Id*. When Plaintiff got back

to the United States, an unidentified agency interrogated Plaintiff for "over an hour" at John F. Kennedy International Airport in New York City. *Id*. Plaintiff alleges that an unnamed federal agent questioned Plaintiff's intent to "marry a Muslim woman." *Id*.

In February 2021, Plaintiff alleges Delta Air Lines suspended his "pass benefit" because, according to the airline, Plaintiff was the target of an investigation by law enforcement. *Id*. Plaintiff's Complaint includes as an exhibit a letter from Delta Air Lines dated March 12, 2021, which states that Plaintiff's "nonrevenue retiree travel privileges, as well as those of all other individuals associated with" his account "have been suspended." Delta Air Lines Ltr. Mar. 12, 2021 (ECF No. 1-4).

Plaintiff returned to Lebanon to visit Ms. al Ali on three more occasions in 2021, in June, July, and December, and each time came home without Ms. al Ali. *Id*. at 2-3. Each time Plaintiff returned to America, he was questioned by an unidentified agency at his port of entry. *Id*. Plaintiff describes the June 2021 questioning as "invasive" and notes that "officers challenged [P]laintiff's interest in marrying a foreign Muslim woman." *Id*. at 2. During the July 2021 questioning, Plaintiff refused to answer questions and demanded to have a lawyer present. *Id*. And in the December 2021 questioning, unidentified agents did not advise Plaintiff of his Miranda rights and were otherwise "abusive and improper." *Id.* at 2-3. Plaintiff "was surrounded by three to five officers and a supervisor" and was once again "threatened" and "challenged as to why [he] wanted to marry a Muslim woman." *Id*. Officials also "searched and damaged" his luggage. *Id*. As a result of the questioning, Plaintiff missed his connecting flights. *Id*. at 3.

Plaintiff's final encounter with unidentified "US [sic] authorities" took place in August 2022 when Plaintiff was "detained" after returning from a trip to Lebanon to visit Ms. al Ali. *Id*. Plaintiff claims unidentified officers questioned him about his travel and detained him for two

hours. *Id*. The Complaint alleges that Ms. al Ali died in Syria on January 19, 2023, after being detained and suffering rape and torture at the hands of her captors. *Id*. Plaintiff holds the United States responsible in part for her death. *Id*.

From these premises the Complaint alleges claims for (1) emotional and reputational injury; (2) the violation of Plaintiff's constitutional right to freedom of religion; (3) the violation of his constitutional right to freedom of marriage; (4) the obstruction of the immigration of his "future spouse;" and (5) interference with Plaintiff's ability to travel with his airline carrier of choice. *Id*. at 1, 4. Plaintiff also seeks injunctive relief for "protection against DHS" because he "believes he is on a secretive Terrorist Watchlist without just cause." *Id*. at 4.

In its Motion to Dismiss, the government argues that Plaintiff's claims should be dismissed. First, Plaintiff lacks standing to sue on behalf of his deceased fiancée, or any other woman he may seek to travel with into the United States, for the government's failure to admit her into the country. Next, the Court lacks subject-matter jurisdiction over Plaintiff's own tort claims under Federal Tort Claim Act claims. Each of the torts alleged in the Complaint falls under an exception to the FTCA, meaning the government retains its sovereign immunity on the claims. Finally, the statute of limitations bars "claims related to events occurring on or before February 17, 2020."

The Magistrate Judge has recommended that the Court grant the Motion to Dismiss. The Magistrate Judge concluded that Plaintiff lacked standing to sue for any injury alleged on behalf of his fiancée and that any claim Plaintiff purported to bring on behalf of a future spouse was not ripe. The Magistrate Judge also reasoned that Plaintiff was not entitled to relief under the FTCA. Plaintiff's tort claims for defamation, interference with his contractual rights with Delta, the wrongful death of Ms. al Ali, and Plaintiff's own emotional distress are all covered under an exception to the FTCA. The Magistrate Judge further concluded that Plaintiff had not stated a

claim for injunctive relief because Plaintiff's allegation was conclusory and nothing in the pleadings showed a likelihood of success on the merits of Plaintiff's claims. No party has raised any specific objection to these recommendations from the Magistrate Judge.

The government objects only to the Magistrate Judge's recommended disposition of any allegation concerning the violation of Plaintiff's constitutional rights. The Magistrate Judge agreed with the United States and reasoned that Plaintiff could not sue the government for constitutional violations under the FTCA. However, the Magistrate Judge's report and recommendation went further and stated that "[i]n a limited set of circumstances, the Supreme Court has 'authorized a damages action against federal officials for alleged violations' of certain constitutional rights." Rep. & Recommendation 7 (quoting *Egbert v. Boule*, 596 U.S. 482, 486 (2022) (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)). The Magistrate Judge remarked that "[a]lthough Plaintiff fails to specifically raise his constitutional claims under *Bivens*, the Court must construe the claims as such because, for the reasons described herein, it is the only potential avenue Plaintiff can use to pursue the claims." *Id*. The Magistrate Judge concluded that Plaintiff could only pursue relief against the federal government for the violation of his constitutional rights like his right to freedom of religion or right to marry under *Bivens*. The Magistrate Judge nevertheless concluded that Plaintiff had failed to state a plausible *Bivens* claim. Even if the Court read the Complaint to allege a *Bivens* action, Plaintiff could not seek relief against the government itself (only individual agents of the government), and nothing in the Complaint showed that Plaintiff's claims fit within the well-defined limits of *Bivens* actions.

The government filed timely objections addressing only the Magistrate Judge's reading of the Complaint to state a possible *Bivens* claim. The government takes the position that the Complaint fails to allege *Bivens* claims and only purports to allege claims under the FTCA for the

5

violation of Plaintiff's constitutional rights. As such the United States objects to the report and recommendation's statement that the Court "must interpret Plaintiff's broad constitutional claims as *Bivens* claims." As the government concedes, under either view of the pleadings, the Magistrate Judge correctly recommended that the Court should grant Motion to Dismiss.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended pursuant to his authority under 28 U.S.C. § 636(b)(1)(B) that the Court grant Defendants' Motion to Dismiss. While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

## ANALYSIS

In the absence of any objection to the Magistrate Judge's ultimate recommendation to grant the government's Motion to Dismiss, there is no dispute that the Court should dismiss Plaintiff's case. The government argues in its Motion to Dismiss that the Complaint fails to state a claim for

6

the violation of Plaintiff's constitutional rights under the FTCA.  The Magistrate Judge agreed and recommended that the Court grant the government's Motion to Dismiss on this point.  The government's only objection to the Magistrate Judge's recommendation concerns the Magistrate Judge's construction of Plaintiff's pleadings to include a possible *Bivens* claim.  The Magistrate Judge decided as an additional grounds for dismissal that even if the Court construed Plaintiff's constitutional claims as claims under *Bivens*, the Complaint still failed to state a plausible *Bivens* claim for the violation of Plaintiff's constitutional rights.  In the government's view nothing in the pleadings or in the procedural history of the case suggests that Plaintiff intended to pursue a *Bivens* claim.

The government's point implicates the party presentation principle, though without specifically identifying the principle as the grounds for its objection.  "In our adversarial system of adjudication, we follow the principle of party presentation," meaning courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)).  In that way, "courts are passive instruments of government" and therefore "do not, or should not, sally forth each day looking for wrongs to right."  *Id.* at 376 (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (Arnold, J., concurring in denial of reh'g en banc)).  Rather, courts "wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." *Id.* (cleaned up).

Here, Plaintiff's pleadings do not reference *Bivens*, the government's Motion to Dismiss does not argue that the Complaint fails to state a claim under *Bivens*, and Plaintiff has not raised *Bivens* as part of his response in opposition to the Motion to Dismiss.  Strictly speaking, the government's point is true: the parties have not presented *Bivens* as the source of any claim

Plaintiff may have or an issue to be decided as part of the merits of the government's Motion to Dismiss in this case.

Even so, "the party presentation principle is supple, not ironclad," affording "a modest initiating role for a court" in some circumstances. *Id.* For example, the Sixth Circuit has relaxed the principle in "exceptional cases" where "the failure to do so would constitute a miscarriage of justice[.]" *United States v. McReynolds*, 964 F.3d 555, 571 (6th Cir. 2020) (citing *Dorris v. Absher*, 179 F.3d 420, 425 (6th Cir. 1999)). The fact that a party is representing himself also matters. "The Supreme Court has advised that [courts] are to reserve this extraordinary use of the judicial power to protect the rights of *pro se* litigants." *Id.* (citing *Sineneng-Smith*, 590 U.S. at 375). The Magistrate Judge's reading of the Complaint is arguably consistent with the Supreme Court's teaching that the principle of party presentation does not prevent a court from using its authority to protect a *pro se* litigant like Plaintiff.

By the same token, there is some reason to doubt that the "modest initiating role for a court" extends to the *pro se* party's pleadings. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (applying the *pro se* exception to the party presentation principle to *pro se* motions and recognizing that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category"). Generally speaking, "a court cannot create a claim which [a *pro se* plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *see also Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). In fact, the Court of Appeals has "decline[d] to affirmatively require

courts to ferret out the strongest cause of action on behalf of *pro se* litigants," in part because "it would transform the courts from neutral arbiters of disputes into advocates for a particular party. *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011); *but see Martin v. Hass*, 731 F. App'x 443, 455-56 (6th Cir. 2018) (describing this statement from *Young Bok Song* as "highly generalized dictum from an unpublished decision"). In this case, the Magistrate Judge did not so much "create a claim" under *Bivens* on Plaintiff's behalf as he tried to apply the correct label or cause of action to the facts alleged in the Complaint.

In any event, the government's objection, even if the Court sustained it, would not alter the outcome. As the United States concedes, the Court should grant its Motion to Dismiss, regardless of whether the Court adopts the Magistrate Judge's recommendation and considers the possibility that the Complaint could be read to allege *Bivens* claims. The Magistrate Judge recommended that the Court grant the Motion to Dismiss for Plaintiff's failure to state an FTCA claim for the violation of his constitutional rights. The Magistrate Judge's recommendation concerning *Bivens* is clearly an alternative holding and separate grounds for dismissal of Plaintiff's claims. Even if Plaintiff alleged his constitutional claims under *Bivens* (and not the FTCA), the Complaint would still fail to state a plausible claim for relief. Under either approach, the Court must dismiss Plaintiff's claims for the violation of his constitutional rights, not to mention each of the other claims alleged in the Complaint. No party has shown why the Court should not accept that legal conclusion.

## <u>CONCLUSION</u>

The Court hereby **ADOPTS** the Magistrate Judge's report and recommendation.  The United States of America's Motion to Dismiss is **GRANTED**.  Plaintiff's other Motions are **DENIED** as moot.  The Clerk of Court is directed to enter judgment.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  September 25, 2024.